CARMICHAEL v HENRY FORD HOSPITAL

Docket Nos. 258412, 258413. Submitted September 5, 2007, at Detroit. Decided September 13, 2007, at 9:00 a.m.

Josephine Carmichael, successor personal representative of the estate of Henrietta Carmichael, deceased, brought a wrongful death, medical malpractice action in the Wayne Circuit Court against Henry Ford Hospital and Henry Ford Village, Inc. The defendants moved for summary disposition, contending that the period of limitations had expired because, even though the plaintiff was appointed as the successor personal representative on March 18, 2003, and filed the complaint on March 30, 2004, the two-year medical malpractice period of limitations and the two-year wrongful death saving period provided in MCL 600.5852 had expired. The defendants based their motion on the fact that the plaintiff was initially appointed as personal representative on October 4, 2001, and did not file an action by October 4, 2003, but instead certified that the estate was administratively completed on April 29, 2002. The defendants alleged that the relevant periods ran from the date of the original appointment. The court, David F. Breck, J., denied the motion on the basis that § 5852 afforded the plaintiff two years to file the action from the date of her appointment as the estate's successor personal representative and the plaintiff brought the action within that period. Each defendant appealed from that order by leave granted, and the appeals were consolidated.

The Court of Appeals *held*:

1. The plain language of § 5852 supports the plaintiff's argument that when letters of authority were issued to her as the successor personal representative the two-year wrongful death saving period began anew, subject only to the provision in § 5852 that an action could not be brought unless the personal representative commenced the action within three years after the period of limitations has run.

2. The language of § 5852 does not place qualifications on which letters of authority or which personal representative, an original or a successor, may receive the benefit of the wrongful death saving period. The statute plainly indicates that the issu-

ance of letters of authority to a successor personal representative, even the individual who was appointed as the original personal representative, commences the running of a new two-year saving period.

3. The actions taken by the plaintiff after the date that she filed a sworn statement of full administration with regard to her duties as the original personal representative of the estate necessarily derived from her authority as the successor personal representative and were not authorized by her original letters of authority.

Affirmed.

LIMITATION OF ACTIONS — MEDICAL MALPRACTICE — SUCCESSOR PERSONAL REPRESENTATIVES — SAVING PROVISION.

The issuance of letters of authority to a successor personal representative of a decedent's estate marks the beginning of a new wrongful death saving period within which the personal representative may bring an action even where the successor personal representative is the same individual who was appointed as the original personal representative of the decedent's estate (MCL 600.5852).

*Olsman, Mueller & James, P.C.* (by *Robert F. James* and *Donna M. MacKenzie*), for the plaintiff.

*Plunkett & Cooney, P.C.* (by *Robert G. Kamenec*), for Henry Ford Hospital.

*O'Leary & O'Leary, P.C.* (by *John P. O'Leary* and *Sarah J. Lyons*), for Henry Ford Village, Inc.

Before: O'CONNELL, P.J., and MURPHY and FITZGERALD, JJ.

O'CONNELL, P.J. In this wrongful death, medical malpractice action, both defendants appealed separately by leave granted from a circuit court order denying their motions for summary disposition pursuant to MCR 2.116(C)(7) (statute of limitations). Having consolidated the appeals, we affirm.

We review de novo decisions regarding summary disposition motions. Under MCR 2.116(C)(7), summary disposition is proper when a claim is barred by the statute of limitations. In determining whether summary disposition was properly granted under MCR 2.116(C)(7), this Court "consider[s] all documentary evidence submitted by the parties, accepting as true the contents of the complaint unless affidavits or other appropriate documents specifically contradict them." [*Waltz v Wyse*, 469 Mich 642, 647-648; 677 NW2d 813 (2004), quoting *Fane v Detroit Library Comm*, 465 Mich 68, 74; 631 NW2d 678 (2001) (alteration in *Waltz*).]

Whether a period of limitations applies in particular circumstances constitutes a legal question that this Court also considers de novo. *Detroit v 19675 Hasse*, 258 Mich App 438, 444-445; 671 NW2d 150 (2003).

I

Before discussing the parties' contentions regarding plaintiff's appointment as the estate's successor personal representative, we will address the timeliness of the complaint as measured from the date of plaintiff's original appointment as personal representative. The period of limitations governing a wrongful death action depends on the period of limitations applicable to the underlying theory of liability. *Lipman v William Beaumont Hosp*, 256 Mich App 483, 489-490; 664 NW2d 245 (2003). A medical malpractice plaintiff has two years from the date the cause of action accrues in which to file suit. MCL 600.5805(6).[1] "[A] claim based on the medical malpractice of a person or entity who is . . . a licensed health care professional . . . accrues at the time of the act or omission that is the basis for the claim of medical

---

[1] When the decedent's cause of action accrued, subsection 6 was codified as subsection 5 in MCL 600.5805. The analysis in this opinion refers to the current subsection.

malpractice ...." MCL 600.5838a(1). Because the complaint fails to set forth the precise dates of alleged malpractice by defendants, which occurred over time, we will assume for the limited purposes of this preliminary analysis that the malpractice accrual date is August 10, 2001, the date of the decedent's death. Consequently, the two-year period of limitations in MCL 600.5805(6) governing the decedent's malpractice claim extended through August 10, 2003.

In wrongful death actions, the Legislature affords personal representatives additional time in which to pursue legal action on behalf of a decedent's estate. Because plaintiff initially received letters of authority on October 4, 2001, the wrongful death saving period extended the time in which she could bring suit through October 4, 2003. MCL 600.5852. In this case, plaintiff did not bring an action during her original appointment as personal representative, and instead certified that the estate was administratively completed on April 29, 2002, long before the statute of limitations could bar the case. Although plaintiff later gave defendants notice of her intent to sue on September 16, 2003, as required by MCL 600.2912b, this notice did not toll or extend the wrongful death saving period pursuant to MCL 600.5856. *Waltz, supra* at 648-651, 655. The Supreme Court's holding in *Waltz* "applies retroactively in all cases," *Mullins v St Joseph Mercy Hosp*, 271 Mich App 503, 509; 722 NW2d 666 (2006) *(Mullins II)*, lv gtd 477 Mich 1066 (2007), and judicial tolling does "not operate to relieve wrongful death plaintiffs from complying with *Waltz*'s time restraints ...." *Ward v Siano*, 272 Mich App 715, 720; 730 NW2d 1 (2006), application for leave to appeal in the Supreme Court held in abeyance 729 NW2d 213 (2007).[2] We reject

---

[2] We note our agreement with the Supreme Court's decision to grant leave to appeal in *Mullins II*. We believe *Mullins II* was wrongly decided.

plaintiff's argument that retroactive application of *Waltz* is unconstitutional. *Farley v Advanced Cardiovascular Health Specialists, PC*, 266 Mich App 566, 576 n 27; 703 NW2d 115 (2005). Therefore, tracking the relevant periods from the date of plaintiff's original appointment, her filing of the complaint on March 30, 2004, occurred after both the medical malpractice period of limitations and the wrongful death saving period had expired.

II

Nevertheless, plaintiff argued, and the circuit court agreed, that MCL 600.5852 afforded plaintiff two years to file suit beginning on March 18, 2003, the date of her appointment as the estate's successor personal representative. Therefore, she timely filed the complaint on March 30, 2004. Plaintiff relies on *Eggleston v Bio-Medical Applications of Detroit, Inc*, 468 Mich 29; 658 NW2d 139 (2003), in which the Supreme Court interpreted MCL 600.5852 in the context of a successor personal representative's filing of a wrongful death, medical malpractice action. The decedent in *Eggleston* died on June 22, 1996, one day after having a dialysis treatment. *Id.* at 30. On April 4, 1997, the decedent's husband became the personal representative of her estate. *Id.* at 31. On August 20, 1997, the personal representative died. *Id.* The plaintiff, the son of the decedents, became the successor personal representative of his mother's estate on December 8, 1998, and filed a medical malpractice complaint on June 9, 1999. *Id.* The circuit court granted the defendants' motion for summary disposition, ruling that the plaintiff had untimely filed the action more than two years after the original personal representative's appointment, and that § 5852 "does not apply because the complaint was

not filed within two years after the appointment of the first personal representative . . . ." *Eggleston, supra* at 31.

The Supreme Court reversed the grant of summary disposition to the defendants, *id.* at 33, noting that this Court had misquoted § 5852, which provides:

> If a person dies before the period of limitations has run or within 30 days after the period of limitations has run, an action which survives by law may be commenced by the personal representative of the deceased person *at any time within 2 years after letters of authority are issued* although the period of limitations has run. But an action shall not be brought under this provision unless the personal representative commences it within 3 years after the period of limitations has run. [Emphasis added.]

The Supreme Court held that according to the plain language of the first sentence of § 5852, the section's application was not restricted only to letters of authority appointing an initial personal representative. *Eggleston, supra* at 33.

> The statute simply provides that an action may be commenced by the personal representative "at any time within 2 years after letters of authority are issued although the period of limitations has run." [MCL 600.5852.] The language adopted by the Legislature clearly allows an action to be brought within two years after letters of authority are issued to the personal representative. *The statute does not provide that the two-year period is measured from the date letters of authority are issued to the initial personal representative.*
>
> *Plaintiff was "the personal representative" of the estate and filed the complaint "within 2 years after letters of authority [were] issued," and "within 3 years after the period of limitations ha[d] run." MCL 600.5852. The action was therefore timely. [Eggleston, supra* at 33 (alterations in original; emphasis added).]

The plain language of § 5852, as interpreted in *Eggleston*, supports plaintiff's argument that when letters of authority were issued to her as the successor personal representative in this case, the two-year wrongful death saving period began anew, subject only to the three-year ceiling set forth in the second sentence of § 5852.

Defendants suggest that *Eggleston* is factually distinguishable from this case, because, unlike the situation in *Eggleston*, plaintiff's appointment as the successor personal representative in this case was not prompted by necessity. Defendants also argue that plaintiff had plenty of time to file suit between her initial appointment as the estate's personal representative and her appointment as its successor representative, a period of more than 18 months. In *Braverman v Garden City Hosp*, 272 Mich App 72, 86-87; 724 NW2d 285 (2006) (*Braverman I*), mod in part on other grounds in *Braverman v Garden City Hosp*, 275 Mich App 705; 740 NW2d 744 (2007), this Court rejected similar attempts to factually distinguish *Eggleston*. The original personal representative of the decedent's estate in *Braverman I* was appointed on October 29, 2002, and later resigned, after which "letters of authority were issued to plaintiff, as successor personal representative, on August 18, 2004." *Braverman I, supra* at 75. The plaintiff successor personal representative filed a wrongful death, medical malpractice action on January 25, 2005. *Id*. This Court found the action timely in light of *Eggleston*, summarizing:

> The trial court correctly applied *Eggleston* to this case. Here, plaintiff successor personal representative was appointed and issued letters of authority on August 18, 2004. Plaintiff filed the complaint on January 25, 2005, which is within two years of the issuance of his letters of authority and within three years after the limitations period had run. MCL 600.5852.

> *Contrary to defendants' arguments, we find no basis for distinguishing this case from* Eggleston *merely because* Eggleston *involved the death of the initial personal representative or because [the initial representative in* Braverman*] had ample time to commence this action and her grace period expired. In* Eggleston, *a unanimous Supreme Court decided the case solely on the basis of the statutory language of the wrongful death saving provision . . . . [Braverman I, supra at 86 (emphasis added).]*

We added that "[t]he statutory language unambiguously provides a personal representative a two-year grace period commencing with the issuance of his or her letters of authority." *Id.* We acknowledge that the facts of the instant case do not correspond perfectly with those in *Braverman I.* In this case, the same individual was appointed twice: once as the estate's original personal representative and again as its successor personal representative. But because the clear language of § 5852, as construed in *Eggleston,* does not contemplate any qualifications on which "letters of authority" or which "personal representative" may receive the benefit of the wrongful death saving period, the plain statutory language indicates that the issuance of letters of authority to the same individual commences the running of a new wrongful death saving period.

In *Boodt v Borgess Med Ctr,* 272 Mich App 621, 633-636; 728 NW2d 471 (2006), this Court discussed the clear nature of MCL 600.5852, as interpreted by the Supreme Court in *Eggleston.* In relevant part, the lead opinion observed:

> In *Eggleston,* a successor personal representative filed a complaint within two years of his appointment, but more than two years after the first personal representative was appointed. *Eggleston, supra* [at] 31. That was the *only* fact that our Supreme Court deemed relevant to its straightforward reading of the statute and the simple rule that

every personal representative is entitled to two years after receipt of his or her letters of authority within which to file a complaint, irrespective of any predecessors. [*Boodt, supra* at 635-636 (DAVIS, J.) (emphasis in original).]

It bears noting that, unlike in *Boodt, McMiddleton v Bolling*, 267 Mich App 667, 671-674; 705 NW2d 720 (2005), *Verbrugghe v Select Specialty Hosp-Macomb Co, Inc*, 270 Mich App 383, 388-390; 715 NW2d 72 (2006), application for leave to appeal in Supreme Court held in abeyance 722 NW2d 882 (2006), *Glisson v Gerrity*, 274 Mich App 525, 538-539; 734 NW2d 614 (2007), or an unpublished Court of Appeals case cited by defendants, the case at bar does not involve the renewal of an original representative's failed action. Therefore, this case is not affected by the Supreme Court's recent decision in *Washington v Sinai Hosp of Greater Detroit*, 478 Mich 412, 422; 733 NW2d 755 (2007), which bars subsequent actions on the basis of res judicata.

Defendants maintain that this case is governed by *Lindsey v Harper Hosp*, 455 Mich 56, 59; 564 NW2d 861 (1997), a case involving the issuance of multiple letters of authority to the same individual. Our Supreme Court in *Lindsey* held that the wrongful death saving period commenced on the date of the plaintiff's initial appointment as the estate's temporary personal representative, not on the date of the subsequent issuance of general letters of authority as personal representative to the plaintiff. *Id*. at 59-60, 67. Factually, *Lindsey* involved a temporary personal representative who later became a general personal representative. In *Eggleston* and this case, however, an original and a successor personal representative were involved. In *Lindsey, supra* at 66, the Court also emphasized that the term "personal representative" in § 5852 is defined by probate law, and at the time *Lindsey* was decided, MCL 700.9(3), repealed by 1998 PA 386, defined "personal representa-

tive" to include "a temporary or successor personal representative . . . ."[3] Unlike *Lindsey*, this case does not involve an unbroken line of authority from the initial letters of authority to the lawsuit. Instead, plaintiff was required to receive new letters of authority to pursue this suit, because she had already filed a sworn statement of full administration on March 28, 2002, received a certificate of completion on April 29, 2002, and no proceeding involving the original personal representative was pending a year later. See MCL 700.3954. Because plaintiff, in her capacity as the original personal representative, did not have an action pending one year after she filed her statement, her original authority terminated, at the latest, on March 28, 2003. MCL 700.3954; MCL 700.3610. Therefore, the actions plaintiff took after March 28, 2003, necessarily derived from her authority as a newly appointed successor and were not authorized by her original letters of authority.

This analysis corresponds with the unambiguous statutory language in MCL 700.3959, which governs plaintiff's reappointment and the subsequent administration of the estate. The statute specifically permits plaintiff's new appointment as a successor personal representative, because the estate qualified as a "previously administered estate" that the probate court had to "reopen." *Id.* Therefore, the probate court had discretion to make a "new appointment," and the statute expressly allows the probate court to reappoint the original personal representative. *Id.* It goes without

[3] The Estates and Protected Individuals Code, MCL 700.1101 *et seq.*, no longer uses the term "temporary personal representative," and instead defines "personal representative" to include "an executor, administrator, successor personal representative, and special personal representative," as well as "any other person who performs substantially the same function under the law governing that person's status." MCL 700.1106(n).

saying that the new appointment required a new set of letters of authority. Therefore, although the original and the successor personal representative are the same individual, this case is much more in line with *Eggleston* than *Lindsey*. The Court in *Eggleston* focused exclusively on the statutory language and held that the issuance of letters of authority to the successor personal representative marked the beginning of a new wrongful death saving period. We apply this same approach to the successor personal representative in this case.

In calculating the wrongful death saving period, the clear language of § 5852, as interpreted by *Eggleston*, *Boodt*, and *Braverman I*, considers only the two-year limit beginning at the issuance of the letters of authority and whether the complaint was filed before the three-year ceiling described in the statute's second sentence. Here, the probate court issued plaintiff letters of authority appointing her as the successor representative on March 18, 2003, and plaintiff filed the complaint on March 30, 2004, within two years after receiving the letters of authority.[4] Under these circumstances, the circuit court correctly invoked *Eggleston* and properly denied defendants summary disposition pursuant to MCR 2.116(C)(7).[5]

---

[4] The three-year ceiling would have been reached no earlier than January 29, 2006, five years after the earliest date that malpractice, if any, could have occurred.

[5] Defendants additionally suggest that MCL 700.3959 bars plaintiff's filing of the complaint. Defendants focus on the last sentence of MCL 700.3959, insisting that after becoming the successor personal representative, plaintiff could not file this action because it constitutes a "previously barred" claim. But plaintiff never brought a "barred" claim before bringing this suit, so defendants fail to explain how this claim was "previously barred." *Id.* Accepting defendants' arguments regarding the "authority of the office" would require us to disregard *Eggleston* and the import of the plain language in MCL 600.5852. Defendants have failed to identify any statutory provision that precludes plaintiff from reopening

Affirmed.

the decedent's previously closed estate. Instead, MCL 700.3959 fully supports the probate court's reappointment of plaintiff as the estate's personal representative and her pursuit of the estate's malpractice claim.