# STATE OF MICHIGAN

# COURT OF APPEALS

JOSEPH RASCHKE,

        Plaintiff-Appellant,

v

CITIZENS INSURANCE COMPANY OF
AMERICA,

        Defendant,

and

JEFFREY LOUIS RIDLEY, and RIDLEY-
MITCHELL TRUCKING, LLC,

        Defendants-Appellees.

UNPUBLISHED
March 3, 2015

No. 318773
Genesee Circuit Court
LC No. 11-095355-NI

Before: SERVITTO, P.J., and STEPHENS and M. J. KELLY, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendants Jeffrey Louis Ridley and Ridley-Mitchell Trucking, LLC pursuant to MCR 2.116(C)(7) and (10) and dismissing his personal injury claim against them. We affirm.

This appeal arises from a personal injury action plaintiff filed on February 1, 2011, concerning an automobile accident in which he was involved on November 3, 2005. It is uncontested that the applicable three-year limitations period had passed before plaintiff filed his complaint. Plaintiff, however, contends that the limitations period was tolled because he was under the disability of insanity during this three-year period, and therefore the trial court erred in granting defendants summary disposition. We disagree.

This Court reviews an order granting summary disposition de novo. *Van v Zahorik*, 460 Mich 320, 326; 597 NW2d 15 (1999). Summary disposition is properly granted under MCR 2.116(C)(10) where there is no genuine issue regarding any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law. *Smith v Globe Life Ins Co*, 460 Mich 446, 454; 597 NW2d 28 (1999). All affidavits, pleadings, depositions, admissions, and

-1-

other documentary evidence filed in the action or submitted by the parties is viewed "in the light most favorable to the party opposing the motion." *Id*.

Summary disposition is proper under MCR 2.116(C)(7), when a claim is barred by the statute of limitations. *Carmichael v Henry Ford Hosp*, 276 Mich App 622, 624; 742 NW2d 387 (2007). "Whether a period of limitations applies to preclude a party's pursuit of an action constitutes a question of law that we review de novo." *City of Detroit v 19675 Hasse*, 258 Mich App 438, 444; 671 NW2d 150 (2003).

A claim of insanity to toll a statute of limitations is generally treated as a question of fact unless it is unquestionably established that either the plaintiff did not suffer from insanity at the time the claim accrued or that he had recovered from any such disability more than one year before he commenced his action. MCL 600.5851(3); *Lemmerman v Fealk*, 449 Mich 56, 71; 534 NW2d 695 (1995). In order to create a genuine issue of fact, a party must present evidence that would be admissible at trial. *SSC Assoc Ltd Partnership v Gen Ret Sys of City of Detroit*, 192 Mich App 360, 364; 480 NW2d 275 (1991). When a cause of action is prima facie barred by the statute of limitations, the burden of proof is upon the party seeking to enforce the cause of action to show facts taking the case out of the operation of the statute of limitations. *Warren Consolidated Schools v W R Grace & Co*, 205 Mich App 580, 583; 518 NW2d 508 (1994).

It is uncontested that plaintiff's claim is governed by MCL 600.5805(10), which states that, "except as otherwise provided in this section, the period of limitations is 3 years after the time of the death or injury for all actions to recover damages for the death of a person, or for injury to a person or property." The accident in this case occurred on November 3, 2005, and the claim was filed on February 1, 2011, which falls well outside the three-year limitations period. Therefore, in this case, the burden is on plaintiff to demonstrate a question of fact sufficient to remove the case from operation of the three-year limitations period.

MCL 600.5827 states in pertinent part that, "except as otherwise expressly provided, the period of limitations runs from the time the claim accrues. The claim accrues . . . at the time the wrong upon which the claim is based was done regardless of the time when damage results."[1] However, MCL 600.5851(1) provides that, "if the person first entitled to make an entry or bring an action under this act is under 18 years of age or insane at the time the claim accrues, the person or those claiming under the person shall have 1 year after the disability is removed . . . [to] bring the action although the period of limitations has run." The statute defines the term "insane" to mean "a condition of mental derangement such as to prevent the sufferer from comprehending rights he or she is otherwise bound to know and is not dependent on whether or not the person has been judicially declared to be insane." MCL 600.5851(2). Critical to the instant case is that "[t]o be considered a disability, the infancy or insanity must exist at the time the claim accrues. If the disability comes into existence after the claim has accrued, a court shall

---

[1] Plaintiff's claim is not covered by the exceptions mentioned in MCL 600.5827. Therefore, plaintiff's claim "accrue[d] at the time the wrong upon which the claim is based was done," or the date of the accident-November 3, 2005. Unless the statute was tolled, the limitations period ended in November 2008.

not recognize the disability under this section for the purpose of modifying the period of limitations." MCL 600.5851(3). Our Supreme Court has identified a number of factors that would indicate a person is insane under this statute, which includes an inability to attend to personal and business affairs and a necessity to explain matters to the claimant that an ordinary person would understand, including simple legal procedures. *Lemmerman*, 449 Mich at 71-73.

In the present case, plaintiff failed to present sufficient evidence to create a factual issue that he suffered from insanity at the time the claim accrued such as to toll the statute of limitations. The vast majority of the evidence dates from after the accrual period, which ended in November 2008, and may very well demonstrate that plaintiff is currently unable to understand his legal rights. However, the evidence fails to show that he did not understand those rights at the time the claim accrued. The evidence that is presented relevant to the period the claim accrued is (1) plaintiff's own affidavit, which avers that he was depressed, had trouble working and concentrating following the accident and, during a period following the accrual of the claim, was institutionalized; (2) the records from plaintiff's family doctor, which only show conditions occurring after the accrual period, treatment for unrelated conditions, and that plaintiff has been treated for depression and for bipolar disorder since the age of 16; and (3) the Emergency Room Report from after the accident.

None of the evidence submitted by plaintiff illustrates any controversy with respect to whether plaintiff was insane at the time his claim accrued. *Asher v Exxon Co, USA*, 200 Mich App 635, 641; 504 NW2d 728 (1993). The reports of plaintiff's family doctor do not create a factual issue regarding the accrual period because this evidence does not show any condition that would prevent plaintiff from understanding his legal rights during that time. This evidence merely shows largely unrelated conditions or continuing mental conditions that do not rise to the severity of plaintiff not knowing his legal rights. Plaintiff's own affidavit mentions nothing that would substantiate that he was unable to understand his legal rights. Further, the emergency room report from just after the accident does not mention a head injury or that plaintiff complained of head pain and affirmatively states "no blow to the head."

While the condition that caused the insanity does not have to relate to the accident, plaintiff asserts that that the cause of the insanity was the accident, which both caused a new mental condition and magnified preexisting conditions. Plaintiff attempts to illustrate that the condition of "insanity" extends to the period the claim accrued and that he has been continuously disabled. However, this argument fails in that the evidence showed no head injury after the accident. Plaintiff has shown nothing to indicate that a head injury occurred and fails to otherwise connect his current mental condition with the accident in order to track his insanity backward. Thus, plaintiff fails to create a legitimate factual question that the accident was the cause of his current condition.

Plaintiff's primary causation evidence is the records and affidavits from a psychologist and a neurosurgeon who contend that the cause of the plaintiff's current condition was the accident. However, as indicated by the trial court, both doctors examined plaintiff over five years after the accident, had no access to the medical records from immediately after the accident, largely reiterated statements from plaintiff regarding his condition, did not consider any alternative incidents that could have occurred during this period, and are contradicted by medical evidence from just after the accident indicating there was no head injury. At most, the substance

of the evidence shows that plaintiff's condition may have been caused by a head injury but when the injury occurred cannot be ascertained. What is problematic for plaintiff is his failure to submit evidence of his disability at the time of accrual of his claim or connect the accident with any degree of certainty with his current condition. Plaintiff's later possible insanity following the time the claim accrued does not affect the statute of limitations. In order for plaintiff to successfully invoke the insanity tolling provision, he was required to demonstrate that he was insane at the time the alleged claim accrued. MCL 600.5851(3). Plaintiff fails to carry this burden and the trial court thus did not err in granting summary disposition in favor of defendants Jeffrey Louis Ridley and Ridley-Mitchell Trucking, LLC.

Affirmed.

/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens
/s/ Michael J. Kelly