*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARY ARMIJO,

        Plaintiff-Appellee,

v

BRONSON METHODIST HOSPITAL, BRIAN
DYKSTRA, M.D., WILLIAM NICHOLS, JR., D.O.,
ASCENSION ALLEGAN HOSPITAL, and
MARTIN FREEMAN, M.D.,

        Defendants,

and

ANDREW FORSYTH, M.D.,

        Defendant-Appellant.

FOR PUBLICATION
January 19, 2023
9:15 a.m.

No. 358728
Kalamazoo Circuit Court
LC No. 2021-000257-NH

MARY ARMIJO,

        Plaintiff-Appellee,

v

BRONSON METHODIST HOSPITAL, BRIAN
DYKSTRA, M.D., and WILLIAM NICHOLS, JR.,
D.O.,

        Defendants-Appellants,

and

ANDREW FORSYTH, M.D., ASCENSION
ALLEGAN HOSPITAL, and MARTIN FREEMAN,
M.D.,

        Defendants.

No. 358729
Kalamazoo Circuit Court
LC No. 2021-000257-NH

-1-

Before:  RIORDAN, P.J., and MARKEY and REDFORD, JJ.

REDFORD, J.

Defendants, Andrew Forsyth, M.D., Bronson Methodist Hospital, Brian Dykstra, M.D., and William Nichols, Jr., D.O., appeal by interlocutory leave granted[1] in this consolidated appeal[2] the trial court's order denying their motions to dismiss this matter pursuant to MCR 2.116(C)(7). Because we conclude Michigan Supreme Court Administrative Order Nos. 2020-3, 2020-3 (amended) and 2020-18 do not toll any period applicable to this case, we reverse and remand to the trial court to grant summary disposition to defendants pursuant to MCR 2.116(c)(10).

## I.  BACKGROUND

For the purposes of this appeal, the facts about the underlying medical care that plaintiff received from defendants are undisputed.  On February 23, 2018, plaintiff presented to the Emergency Department at Ascension Allegan Hospital with congestion, cough, headache, sore throat, and fever.  After evaluation, blood tests, and administration of a pain killer and corticosteroid, the hospital discharged her with instruction to follow up with her primary care physician.  On February 25, 2018, plaintiff's husband found her unresponsive and took her back to the hospital emergency which transferred her to Bronson Methodist Hospital where she was diagnosed and received various treatments for sepsis with shock that developed into multisystem organ failure.[3]  Bronson Methodist Hospital transferred plaintiff to the University of Michigan where she underwent multiple surgical and other medical procedures.

On February 19, 2020, as required under MCL 600.2912b, plaintiff served defendants her notice of intent to file her medical malpractice lawsuit.  The parties agree that plaintiff's medical malpractice claim accrued on March 6, 2018, and that plaintiff gave notice 16 days before the expiration of the two-year statutory limitations period for malpractice actions provided under MCL 600.5805(8).  By giving notice, the limitations period was tolled for 182 days as provided under MCL 600.5856(c).  The parties agree that by statute plaintiff had to file her complaint by September 4, 2020.

On March 10, 2020, after plaintiff filed her notice of intent, Michigan Governor Gretchen Whitmer entered Executive Order 2020-4, which declared a state of emergency related to the COVID-19 pandemic.  On March 23, 2020, our Supreme Court entered Administrative Order No. 2020-3, 505 Mich lxxxvi (2020), which stated:

---

[1] *Armijo v Bronson Methodist Hosp*, unpublished order of the Court of Appeals, entered February 11, 2022 (Docket No. 358728).

[2] *Armijo v Bronson Methodist Hosp*, unpublished order of the Court of Appeals, entered February 11, 2022 (Docket No. 358728).

[3] Dr. Forsyth provided medical services on March 6, 2018.  Doctors Dykstra and Nichols provided medical services on March 9, 2018.

In light of the continuing COVID-19 pandemic and to ensure continued access to courts, the Court orders that:

For all deadlines applicable to the commencement of all civil and probate case-types, including but not limited to the deadline for the initial filing of a pleading under MCR 2.110 or a motion raising a defense or an objection to an initial pleading under MCR 2.116, and any statutory prerequisites to the filing of such a pleading or motion, any day that falls during the state of emergency declared by the Governor related to COVID-19 is not included for purposes of MCR 1.108(1).

This order is intended to extend all deadlines pertaining to case initiation and the filing of initial responsive pleadings in civil and probate matters during the state of emergency declared by the Governor related to COVID-19. Nothing in this order precludes a court from ordering an expedited response to a complaint or motion in order to hear and resolve an emergency matter requiring immediate attention. We continue to encourage courts to conduct hearings remotely using two-way interactive video technology or other remote participation tools whenever possible.

This order in no way prohibits or restricts a litigant from commencing a proceeding whenever the litigant chooses. Courts must have a system in place to allow filings without face-to-face contact to ensure that routine matters, such as filing of estates in probate court and appointment of a personal representative in a decedent's estate, may occur without unnecessary delay and be disposed via electronic or other means.

On May 1, 2020, our Supreme Court entered Amended Administrative Order No. 2020-3, 505 Mich lxxiv (2020), which provided:

On order of the Court, the following amendment of Administrative Order No. 2020-3 is adopted, effective immediately.

[Additions to the text are indicated in underlining]

In light of the continuing COVID-19 pandemic and to ensure continued access to courts, the Court orders that:

For all deadlines applicable to the commencement of all civil and probate case-types, including but not limited to the deadline for the initial filing of a pleading under MCR 2.110 or a motion raising a defense or an objection to an initial pleading under MCR 2.116, and any statutory prerequisites to the filing of such a pleading or motion, any day that falls during the state of emergency declared by the Governor related to COVID-19 is not included for purposes of MCR 1.108(1).

This order is intended to extend all deadlines pertaining to case initiation and the filing of initial responsive pleadings in civil and probate matters during the state of emergency declared by the Governor related to COVID-19. Nothing in this order precludes a court from ordering an expedited response to a complaint or

motion in order to hear and resolve an emergency matter requiring immediate attention. We continue to encourage courts to conduct hearings remotely using two-way interactive video technology or other remote participation tools whenever possible.

This order in no way prohibits or restricts a litigant from commencing a proceeding whenever the litigant chooses, nor does it suspend or toll any time period that must elapse before the commencement of an action or proceeding. Courts must have a system in place to allow filings without face-to-face contact to ensure that routine matters, such as filing of estates in probate court and appointment of a personal representative in a decedent's estate, may occur without unnecessary delay and be disposed via electronic or other means.

On June 12, 2020, our Supreme Court entered Administrative Order No. 2020-18, 505 Mich lxxxviii (2020), rescinding its previous administrative order as follows:

In Administrative Order No. 2020-3, the Supreme Court issued an order excluding any days that fall during the State of Emergency declared by the Governor related to COVID-19 for purposes of determining the deadline applicable to the commencement of all civil probable case types under MCR 1.108(1). Effective Saturday, June 20, 2020, that administrative order is rescinded, and the computation of time for those filings shall resume. For time periods that started before Administrative Order No. 2020-3 took effect, the filers shall have the same number of days to submit their filings on June 20, 2020, as they had when the exclusion went into effect on March 23, 2020. For filings with time periods that did not begin to run because of the exclusion period, the filers shall have the full periods for filing beginning on June 20, 2020. [4]

On December 14, 2020, plaintiff filed her complaint in the instant case. In July 2021, defendants moved for summary disposition pursuant to MCR 2.116(C)(7). Defendants alleged that the deadline for plaintiff to file her complaint elapsed September 4, 2020, and therefore, plaintiff's complaint was time-barred. Defendants argued that the judiciary did not have the authority to issue the administrative orders regarding COVID that tolled statutory limitations periods. Defendants also argued that, to the extent that the judiciary may have that authority, the authority only extended to the modification of deadlines that occurred during the state of emergency. Defendants further argued that, if the administrative orders were valid, they only

---

[4] The staff comment to the order stated:

Note that although the order regarding computation of days entered on March 23, 2020, it excluded any day that fell during the State of Emergency declared by the Governor related to COVID-19, which order was issued on March 10, 2020. Thus, the practical effect of Administrative Order No. 2020-3 was to enable filers to exclude days beginning March 10, 2020. This timing is consistent with the executive orders entered by the Governor regarding the tolling of statutes of limitation. [AO 2020-18, 505 Mich at lxxxviii-lxxxvix.]

-4-

applied to deadlines that occurred during the state of emergency, and did not apply to the deadlines in the instant case. Finally, defendants argued that the administrative orders did not apply to this case because plaintiff's notice of intent commenced a tolling period before the state of emergency, so it did not make sense to toll the case twice at once.

Plaintiff opposed defendants' motions for summary disposition by arguing that the Supreme Court had the authority to issue the administrative orders and that defendants incorrectly interpreted the administrative orders. Defendants replied, arguing that plaintiff's interpretation of the Amended AO 2020-3 illogically contradicted the plain language of the amendment.

On September 2, 2021, the trial court held a hearing on defendants' motions for summary disposition at which the parties reiterated the points made in their briefs. The trial court agreed with plaintiff's arguments, and therefore, denied defendants' motions for summary disposition. The trial court entered an order denying defendants' motions for summary disposition. Defendants now appeal.

## II. STANDARD OF REVIEW

We review de novo a circuit court's summary disposition decision. *Carmichael v Henry Ford Hosp*, 276 Mich App 622, 624; 742 NW2d 387 (2007). "Whether a period of limitations applies in particular circumstances constitutes a legal question that this Court also considers de novo." *Id*. (citation omitted). "Under MCR 2.116(C)(7), summary disposition is proper when a claim is barred by the statute of limitations." *Id*. "In determining whether summary disposition was properly granted under MCR 2.116(C)(7), this Court considers all documentary evidence submitted by the parties, accepting as true the contents of the complaint unless affidavits or other appropriate documents specifically contradict them." *Id*. (quotation marks, alteration, and citation omitted). "Questions of statutory interpretation, construction, and application are reviewed de novo." *Johnson v Johnson*, 329 Mich App 110, 118; 940 NW2d 807 (2019) (citation omitted).

## III. ANALYSIS

The period of limitations for medical malpractice actions is controlled by statute. *Miller v Mercy Mem Hosp Corp*, 466 Mich 196, 199; 644 NW2d 730 (2002). The limitations period for a malpractice action is two years. MCL 600.5805(8). A medical malpractice claim "accrues at the time of the act or omission that is the basis for the claim of medical malpractice, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim." MCL 600.5838a(1). A medical malpractice action that is not commenced within the statutorily prescribed time limits is time-barred. MCL 600.5838a(2).

MCL 600.2912b(1) provides:

> Except as otherwise provided in this section, a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced.

MCL 600.5856(c) provides:

> The statutes of limitations or repose are tolled . . . [a]t the time notice is given in compliance with the applicable notice period under [MCL 600.]2912b, if during that period a claim would be barred by the statute of limitations or repose; but in this case, the statute is tolled not longer than the number of days equal to the number of days remaining in the applicable notice period after the date notice is given.

Our Supreme Court issued the aforementioned administrative orders in relation to the state of emergency Governor Whitmer declared because of the COVID-19 pandemic. Defendants assert four grounds for reversing the trial court's denial of their motion: (1) the judiciary lacks the authority to modify a legislatively enacted statute of limitations; (2) assuming the judiciary has emergency authority, the plain language of the orders applied only to deadlines that occurred during the state of emergency; (3) to the extent that the language of the tolling orders is interpreted to apply outside of a state of emergency, even emergency powers do not give the judiciary the power to change a statutory deadline that fell outside of the state of emergency; and (4) even if the COVID-19 tolling orders are interpreted as modifying deadlines outside of the statute of limitations, they had no impact on this case because COVID-19 tolling overlapped entirely with tolling already provided by plaintiff's service of her notice of intent, and no basis existed to allow double tolling, which in essence permitted plaintiff to save up and apply COVID-19 tolling to extend the notice of intent tolling period approximately six months after COVID-19 tolling ended, in other words, tolling of the tolling period.

Because we find the plain language of our Supreme Court's administrative orders dispositive, we decline to address the other issues raised by defendants. We "will not unnecessarily decide constitutional issues, *People v Riley*, 465 Mich 442, 447; 636 NW2d 514 (2001), and it is an undisputed principle of judicial review that questions of constitutionality should not be decided if the case may be disposed of on other grounds. *MacLean v Mich State Bd of Control for Vocational Ed*, 294 Mich 45, 50; 292 NW 662 (1940)." *J & J Const Co v Bricklayers and Allied Craftsmen, Local 1*, 468 Mich 722, 734; 664 NW2d 728 (2003). As a result, we do not address for purposes of this appeal whether our Supreme Court had authority to enter the administrative orders at issue in this case.

In Administrative Order No. 2020-3, 505 Mich lxxxvi (2020), our Supreme Court stated that it "intended to extend all deadlines pertaining to case initiation . . . in civil . . . matters during the state of emergency declared by the Governor related to COVID-19" but did not prohibit or restrict a litigant from commencing an action. Then, in Amended Administrative Order No. 2020-3, 505 Mich lxxiv (2020), our Supreme Court in relevant part stated:

> This order in no way prohibits or restricts a litigant from commencing a proceeding whenever the litigant chooses, **nor does it suspend or toll any time period that must elapse before the commencement of an action or proceeding**. [Emphasis added.]

The language of the initial administrative order expressed our Supreme Court's intent to extend statutory deadlines for filing civil matters during the state of emergency. In its amended

-6-

order, it again stated it " . . . intended to extend all deadlines pertaining to case initiation . . . during the state of emergency . . ." It also added language, however, and specifically clarified that its order did not suspend or toll any time period that must elapse before the commencement of an action. The amended administrative order's clarification plainly indicated that a statutory period, such as the 182-day notice period specified in MCL 600.2912b(1) which had to elapse before the commencement of a medical malpractice action, continued to run during the state of emergency.

The principles that apply to statutory construction apply equally to our interpretation of court rules. *Green v Ziegelman*, 282 Mich App 292, 301; 767 NW2d 660 (2009). Our goal in interpreting a court rule is to give effect to the intent of the Supreme Court, the drafter of the rules. *Vyletel-Rivard v Rivard*, 286 Mich App 13, 21; 777 NW2d 722 (2009). Because the administrative orders were promulgated by our Supreme Court, as are the court rules, similar rules of construction should apply. The first step in interpreting an administrative order requires analyzing the language used because the words contained therein are the most reliable evidence of the drafters' intent. *Green*, 282 Mich App at 301. We must consider the administrative order in its entirety in order to produce a harmonious whole. *Henry v Dow Chem Co*, 484 Mich 483, 495; 772 NW2d 301 (2009). If the administrative order's language is plain and unambiguous, then judicial construction is not permitted and it must be applied as written. *Vyletel-Rivard*, 286 Mich App at 22.

In this case, the parties do not dispute that plaintiff's medical malpractice claims against these defendants accrued on March 6, 2018. Plaintiff gave defendants notice of her intent to file a medical malpractice action on February 19, 2020, as required under MCL 600.2912b(1). The 182-day notice period commenced on that date. Under Amended Administrative Order No. 2020-3, 505 Mich lxxiv (2020), that period was not suspended or tolled and continued to run.

Because Amended Administrative Order No. 2020-3, 505 Mich lxxiv (2020) clarified that the notice period continued to run and because the administrative orders by their language only applied to deadlines which took place during the state of emergency, August 19, 2020, was the earliest date on which plaintiff could commence her medical malpractice action. Under MCL 600.5856(c), because plaintiff served notice of her intent to file her medical malpractice action, the two-year statutory limitations period specified under MCL 600.5805(8) which would have elapsed during the notice period was tolled, such that she had 16 days remaining of the statutory limitations period in which to commence her malpractice action. That gave plaintiff until September 4, 2020, to commence her malpractice action against defendants. The record indicates that plaintiff filed her lawsuit on December 14, 2020, long after the expiration of the statutory limitations period. Accordingly, her claims against defendants were time-barred. The trial court, therefore, reversibly erred by not granting defendants motions for summary disposition under MCR 2.116(C)(7).

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ James Robert Redford
/s/ Michael J. Riordan
/s/ Jane E. Markey