*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RICKY W. MCLEOD and MARY ELLEN MCLEOD,

UNPUBLISHED
November 21, 2023

Plaintiffs-Appellants,

v

No. 360193
Wayne Circuit Court
LC No. 21-009775-NH

OAKWOOD HEALTHCARE, INC., and ADEWUNMI O. ADEYEMO, M.D.,

Defendants-Appellees,

and

SOUTHEASTERN MICHIGAN COLON & RECTAL SURGERY, PLLC,

Defendant.

Before: LETICA, P.J., and BORRELLO and RICK, JJ.

PER CURIAM.

In this medical malpractice action, plaintiffs, Ricky W. McLeod and Mary Ellen McLeod appeal as of right the trial court's January 14, 2022 order granting summary disposition to defendants, Oakwood Healthcare, Inc., and Adewunmi O. Adeyemo, M.D. We affirm.

## I. BACKGROUND

On January 11, 2017, plaintiff Ricky McLeod underwent colorectal surgery at Oakwood Hospital. The procedure was performed by Dr. Fuad Turfah, M.D. During the surgery, Dr. Turfah perforated Mr. McLeod's colon, but did not realize the injury had occurred before closing Mr. McLeod's abdomen. In the days following the surgery, Mr. McLeod began experiencing complications, including chills, abdominal pain, and fever. On January 14, 2017, Mr. McLeod was treated for these symptoms by Dr. Adewunmi O. Adeyemo, M.D., who failed to recognize that they might have been caused by an internal injury. Dr. Turfah was on vacation at the time.

Mr. McLeod's condition worsened over the course of the next few days, and by January 16, 2017, a critical care team was called in to assist with his treatment. Dr. Adeyemo noted that Mr. McLeod appeared to be septic, but that there was no clear cause. That same day, Dr. Adeyemo took Mr. McLeod to the operating room for exploratory surgery. The perforation caused by the original surgery was discovered once Dr. Adeyemo opened Mr. McLeod's abdomen. Mr. McLeod was diagnosed with sepsis, secondary to colonic perforation and fecal peritonitis, and impending septic shock.

Plaintiffs mailed a notice of intent to sue to a lengthy list of potential defendants on January 10, 2019. On July 12, 2019, plaintiffs filed a complaint against Dr. Fuad Turfah, M.D., Dr. Fuad Turfah, M.D., PC, Southeastern Michigan Colon & Rectal Surgery, PLLC, Oakwood Healthcare, Inc., and several other doctors and medical facilities that assisted in Mr. McLeod's treatment. In the complaint, plaintiffs made claims of medical negligence against all of the named parties, as well as a claim of loss of consortium on behalf of Mr. McLeod's wife, plaintiff Mary Ellen McLeod. Notably, the 2019 complaint did not name Dr. Adeyemo as a defendant.

Defendant, Oakwood Healthcare, Inc., provided plaintiffs a certified copy of Mr. McLeod's medical records. However, plaintiffs discovered that the certified copy they received apparently did not contain all of the relevant documentation after Dr. Turfah presented them with a version of Mr. McLeod's medical records that plaintiffs had never before seen. Unlike the copy given to plaintiffs by Oakwood, Dr. Turfah's copy included a note regarding Mr. McLeod's surgery that Dr. Adeyemo wrote and then subsequently deleted. During his deposition, Dr. Turfah explained that in the original note, Dr. Adeyemo indicated that the perforation to Mr. McLeod's colon "looked like it was not a new perforation," whereas in the final note, the sentence about the age of the perforation was deleted in full.

On March 11, 2021, plaintiffs filed a motion to amend the complaint. In a brief in support of the motion, plaintiffs explained that they were unable to depose Dr. Turfah until February 24, 2021, well after their 2019 complaint had been filed. Plaintiffs stated that once Dr. Turfah sat down with them for the deposition, he revealed new information about Mr. McLeod's medical records. He also admitted that he wrote a letter to his malpractice insurance company in anticipation of a malpractice suit being filed, stating that Dr. Adeyemo had complete control of Mr. McLeod's care on January 14, 2017, when he began showing symptoms related to the colon perforation, and that Dr. Adeyemo was not employed by Dr. Turfah. Plaintiffs requested leave to amend the complaint to add Dr. Adeyemo as a defendant, arguing that there was no evidence of undue delay, bad faith, failure to cure deficiencies, prejudice, or futility that would warrant denial of the motion under MCR 2.118 and *Weymers v Khera*, 454 Mich 639, 658; 563 NW2d 647 (1997).

On March 15, 2021, defendants filed a response to the motion to amend, arguing that the motion should be denied. Defendants contended that amendment would be futile because amendment of the complaint to add a claim against a new defendant was barred by the two-year statute of limitations applicable in medical malpractice actions. Defendants further argued that the motion to amend should be denied because a proposed amended complaint and affidavit of merit were not filed with the motion to amend, and asserted that plaintiffs' motion was made in bad faith, would cause undue delay, and would prejudice defendants. On March 18, 2021, the trial court heard argument on the motion to amend. The trial court agreed with defendants that the two-year statute of limitations had run as to Dr. Adeyemo, and that adding him as a defendant at such a late

stage of the proceedings would be futile.  Thereafter, on March 22, 2021, the trial court entered an order denying the motion to amend the complaint.

On April 28, 2021, plaintiffs deposed Dr. Adeyemo and obtained further clarification on the issues identified during Dr. Turfah's deposition.  Regarding his decision to delete the sentence regarding the age of the colon perforation from his medical notes, Dr. Adeyemo explained that he did so because it was just his personal opinion.  And regarding whether Dr. Adeyemo was employed by Dr. Turfah, a fact that Dr. Turfah denied in his letter to his malpractice insurer, Dr. Adeyemo stated that he *was* employed by Dr. Turfah.  Dr. Adeyemo explained that he was an employee of Southeastern Michigan Colon & Rectal Surgery, PLLC, which Dr. Turfah owned and operated.

On August 6, 2021, plaintiffs filed a second complaint, naming only Dr. Adeyemo, Oakwood Healthcare, Inc., and Southeastern Michigan Colon & Rectal Surgery, PLLC, as defendants, and alleging medical negligence against all three.  On September 27, 2021, in lieu of filing an answer, Dr. Adeyemo filed a motion for summary disposition as to the claim of medical negligence against him under MCR 2.116(C)(7) (claim barred by operation of law), (8) (failure to state a claim), and (10) (no genuine issue of material fact).  Dr. Adeyemo argued that the claim was barred by the doctrine of res judicata, since the complaint appeared to seek to relitigate the medical malpractice issues previously raised in the trial court.  Dr. Adeyemo also argued that the claim was barred by the applicable two-year statute of limitations set forth in MCL 600.5805(8), which he claimed expired on July 15, 2019.  Dr. Adeyemo further contended that summary disposition was warranted because no evidence of fraudulent concealment supported extending the time period for filing a medical malpractice case under MCL 600.5855.  Dr. Adeyemo explained that plaintiffs knew or should have been aware of the existence of a claim against him at the time of care in January 2019, as well as before the first complaint was filed.  Dr. Adeyemo pointed out that he was a recipient of the notice of intent filed on January 10, 2019, and that the notice contained specific information regarding his medical notes and involvement in Mr. McLeod's treatment.

Dr. Adeyemo also noted that Dr. Marvin Corman, M.D., plaintiffs' expert witness, specifically stated in a deposition that he was critical of Dr. Adeyemo's decision to delay bringing Mr. McLeod in for exploratory surgery.  Dr. Adeyemo argued that based on Dr. Corman's testimony, plaintiffs knew or should have known they had a cause of action against him in April 2019 at the latest.  Dr. Adeyemo pointed out that under MCL 600.5855, if a person fraudulently conceals the existence of a claim or the identity of a person who may be liable for the claim, an action may be commenced within two years after a plaintiff discovers, or should have discovered, the existence of the claim or the identity of the person liable.  Dr. Adeyemo explained that because plaintiffs knew or should have known about a cause of action against him when they were informed by Dr. Corman of the existence of a such a claim in April 2019, the statute of limitations for the claim expired in April 2021.  Therefore, Dr. Adeyemo contended, the fraudulent concealment claim was barred by the statute of limitations.

Finally, regarding allegations that Dr. Adeyemo fraudulently removed a sentence from the medical record regarding the age of the perforation in Mr. McLeod's colon, Dr. Adeyemo argued that no cause of action could lie against a physician who edits the first draft of a surgical note before it is entered into the final medical record.  Dr. Adeyemo further noted that plaintiffs'

medical negligence claim pertained to his delay in bringing Mr. McLeod in for surgery; thus, the omission of a single line about the age of the perforation was ultimately irrelevant and did not show any intention to fraudulently conceal the existence of a claim against him.

On October 5, 2021, Oakwood Healthcare, Inc., filed a separate motion for summary disposition under MCR 2.116(C)(7), (C)(8), and (C)(10), in lieu of filing an answer to plaintiffs' complaint. Oakwood's motion for summary disposition and Dr. Adeyemo's motion for summary disposition are largely identical, and to avoid redundancy, we will not reproduce the arguments here.

On October 21, 2021, plaintiffs filed a separate answer to each motion for summary disposition. In both motions, plaintiffs argued that their medical negligence claims against defendants were not barred by res judicata because the prior action, arising out of the 2019 complaint, had yet to be decided on the merits. Plaintiffs further argued that they provided sufficient evidence of fraudulent concealment to support their claims against defendants. To that end, plaintiffs contended that they could not have known the extent of Dr. Adeyemo's involvement in the case, including his employment with a company owned by Dr. Turfah, or of his attempts to fraudulently omit parts of Mr. McLeod's medical records, until Dr. Turfah and Dr. Adeyemo were deposed on February 24, 2021, and April 28, 2021, respectively. Plaintiffs also argued that the claims against Dr. Adeyemo and Oakwood were not barred by the statute of limitations. Plaintiffs reiterated that they could not have known the extent of the fraudulent concealment Dr. Adeyemo committed until Dr. Turfah was deposed on February 24, 2021, meaning that the statute of limitations did not start running until that date.

On January 11, 2022, the trial court heard oral argument on the remaining defendants' motions to dismiss.[1] The parties largely argued consistent with their briefs, and the trial court ultimately ruled in favor of defendants. The court found that the statute of limitations applicable to the claims ran out on July 15, 2019, and that plaintiffs could not claim the benefit of the fraudulent concealment provision set forth in MCL 600.5855. Thus, on January 14, 2022, the trial court entered an order granting summary disposition to defendants. Plaintiffs now appeal to this Court.

## II. STANDARD OF REVIEW

A trial court's decision to grant or deny a motion for summary disposition is reviewed de novo. *Gladych v New Family Homes, Inc*, 468 Mich 594, 597; 664 NW2d 705 (2003). Questions of statutory interpretation, including "[w]hether a period of limitations applies in particular circumstances," are "legal question[s] that this Court also considers de novo." *Carmichael v Henry Ford Hosp*, 276 Mich App 622, 624, 742 N.W.2d 387 (2007) (citation omitted).

Although both defendants moved for summary disposition under MCR 2.116(C)(7), (C)(8), and (C)(10), the trial court ruled that defendants prevailed because plaintiffs' claims were

---

[1] Before the trial court ruled on the motions for summary disposition, the parties stipulated to dismiss defendant Southeast Michigan Colon & Rectal Surgery, PLLC, from the case, and the trial court entered an order to that effect on November 9, 2021.

barred by the statute of limitations applicable to medical malpractice actions. Thus, we conclude that the motions were ultimately granted under MCR 2.116(C)(7). "Under MCR 2.116(C)(7), summary disposition is proper when a claim is barred by the statute of limitations." *Carmichael*, 276 Mich App at 624. "In determining whether summary disposition was properly granted under MCR 2.116(C)(7), this Court considers all documentary evidence submitted by the parties, accepting as true the contents of the complaint unless affidavits or other appropriate documents specifically contradict them." *Id*. (quotation marks, alteration, and citation omitted).

## III. ANALYSIS

Plaintiffs argue that the trial court erred by granting summary disposition to defendants because defendants fraudulently concealed a cause of action against Dr. Adeyemo, thus extending the time for filing the complaint under MCL 600.5838a(2)(a). We disagree.

"[A]n action involving a claim based on medical malpractice may be commenced at any time within the applicable period prescribed in [MCL 600.]5805 or [MCL 600.]5851 to 5856, or within 6 months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later." MCL 600.5838a(2). In general, "[t]he limitations period for a medical malpractice action is two years." *Haksluoto v Mt Clemens Regional Med Ctr*, 500 Mich 304, 310; 901 NW2d 577 (2017), citing MCL 600.5805(6). A medical malpractice claim "accrues at the time of the act or omission that is the basis for the claim of medical malpractice, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim." MCL 600.5838a(1). Mr. McLeod's initial surgery took place on January 11, 2017. Dr. Adeyemo took over for Dr. Turfah on January 14, 2017, and performed Mr. McLeod's second surgery, during which the colon perforation was discovered, on January 16, 2017. Thus, plaintiffs' claim against Dr. Adeyemo accrued between January 14, 2017 and January 16, 2017.

If a plaintiff seeks to file a medical malpractice claim, the plaintiff must provide the prospective defendant at least 182 days' notice. MCL 600.2912b(1); *Haksluoto*, 500 Mich at 307. If a plaintiff submits a notice of intent before the expiration of the limitations period, and the limitations period would otherwise expire during the 182-day notice period, the statute of limitations is tolled. *Id*. Plaintiffs mailed a notice of intent to sue to all of the prospective defendants, including Oakwood and Dr. Adeyemo, on January 10, 2019. The parties do not dispute that this extended the time to file the malpractice claim by 182 days, and that the last possible date to file a claim, under ordinary circumstances, was July 15, 2019. Plaintiffs filed their 2019 complaint on July 12, 2019, three days before the statute of limitations expired.

Plaintiffs claim that information they discovered during Dr. Turfah's deposition on February 24, 2021, revealed a new claim against Dr. Adeyemo that they did not previously know existed due to fraudulent concealment by Dr. Turfah and Dr. Adeyemo. Specifically, plaintiffs assert that Dr. Turfah revealed that (1) Dr. Adeyemo was in sole control of Mr. McLeod's care while Dr. Turfah was on vacation; (2) Dr. Adeyemo deleted a sentence from his medical notes about Mr. McLeod's surgery indicating that he believed the perforation to Mr. McLeod's colon was not a new injury; and (3) Dr. Turfah sent a letter to his malpractice insurer stating that he was not Dr. Adeyemo's employer, which turned out to be a false statement. After their motion to amend the complaint to add Dr. Adeyemo was denied by the trial court, plaintiffs filed a second complaint against Dr. Adeyemo and Oakwood on August 6, 2021. Plaintiffs say that the complaint

is timely because the fraudulent concealment perpetrated by Dr. Turfah and Dr. Adeyemo prevented them from bringing a malpractice claim against Dr. Adeyemo sooner.

MCL 600.5838a(2)(a) provides that the "period of limitations set forth in [MCL 600.5838a](3)" applies "[i]f discovery of the existence of the claim was prevented by the fraudulent conduct of the health care professional against whom the claim is made . . . or of the health facility against whom the claim is made . . . ." Under MCL 600.5838a(3),

> An action involving a claim based on medical malpractice under circumstances described in [MCL 600.5838a](2)(a) or (b) may be commenced at any time within the applicable period prescribed in section 5805 or sections 5851 to 5856, or within 6 months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later. The burden of proving that the plaintiff, as a result of physical discomfort, appearance, condition or otherwise, neither discovered nor should have discovered the existence of the claim at least 6 months before the expiration of the period otherwise applicable to the claim is on the plaintiff. A medical malpractice action that is not commenced within the time prescribed by this subsection is barred.

For this provision to apply, "the plaintiff must plead in the complaint the acts or misrepresentations that comprised the fraudulent concealment," and "must prove that the defendant committed affirmative acts or misrepresentations that were designed to prevent subsequent discovery." *Sills v Oakland Gen Hosp*, 220 Mich App 303, 310; 559 NW2d 348 (1996).

Plaintiffs state that they did not include Dr. Adeyemo as a defendant in the 2019 complaint because they were not made aware that Dr. Turfah was out of town and had transferred responsibility for Mr. McLeod's care to Dr. Adeyemo until Dr. Turfah told them as much in his February 2021 deposition. However, the evidence presented does not support plaintiffs' argument that they were unaware that a claim existed against Dr. Adeyemo when they brought their original complaint in July 2019. Plaintiffs named Dr. Adeyemo as a party in the notice of intent, and his name is mentioned in the 2019 complaint as well. Specifically, plaintiffs note in the 2019 complaint that Dr. Adeyemo was paged to see Mr. McLeod on January 14, 2019, and "failed to diagnos[e] colonic perforation." The complaint goes on to explain that Dr. Adeyemo checked on Mr. McLeod several times in the ensuing days before finally taking him in for a second surgery on January 16, 2014, at which point the perforation to Mr. McLeod's colon was discovered. Even if we were to accept as true the notion that plaintiffs had no cause to believe Dr. Adeyemo was solely in charge of Mr. McLeod's care, it should nevertheless have been obvious that Dr. Adeyemo played a major role in Mr. McLeod's treatment. The 2019 complaint makes it abundantly clear that plaintiffs interacted with Dr. Adeyemo between January 14, 2017 and January 16, 2017, that Dr. Adeyemo checked on Mr. McLeod several times during those days, and that Dr. Adeyemo did not perform the second surgery on Mr. McLeod until January 16, 2017, well after he began showing signs of sepsis. Based on the foregoing, it cannot be said that plaintiffs had *no* cause to believe they might have a claim against Dr. Adeyemo at the time their claims accrued in January 2017, which could have reasonably been included in the 2019 complaint. Thus, we are inclined to conclude that the two-year statute of limitations barred plaintiffs' second complaint.

To avoid the two-year statute of limitations, plaintiffs contend that the fraud exception to the statute applies because Dr. Turfah concealed his employment relationship with Dr. Adeyemo, and Dr. Adeyemo deleted a sentence in the medical notes as part of a greater conspiracy to prevent plaintiffs from determining which of them was responsible for the injury, are unavailing. There is no doubt that defendants' actions here raise some questions about their respective culpability for Mr. McLeod's injuries, but these new facts do not ultimately give rise to a finding that Dr. Adeyemo made affirmative acts or representations that were designed to prevent plaintiffs from discovering his alleged malpractice. See *Sills*, 220 Mich App at 310. All Dr. Adeyemo said was that he believed the perforation was not a new injury. That statement might suggest that the perforation occurred during the surgery performed by Dr. Turfah a few days prior. Even if plaintiffs interpreted the deletion of the sentence from the medical records as an effort to conceal something vital to the case, doing so would have at most helped protect Dr. Turfah from liability, not Dr. Adeyemo. But regardless of how one looks at the evidence here, the fact remains that Dr. Adeyemo's involvement in Mr. McLeod's treatment and his potential liability for Mr. McLeod's injuries were obvious from the very beginning. Plaintiffs could have discovered the claim against Dr. Adeyemo as early as January 2017. Accordingly, plaintiffs' second complaint is barred by the two-year statute of limitations applicable to medical malpractice claims, MCL 600.5805(6).

Plaintiffs also raise a separate argument about the timing of when they first became aware of the claim against Dr. Adeyemo. Plaintiffs observe that in granting the motion for summary disposition in favor of defendants, the trial court noted that even if they were unaware of the claim against Dr. Adeyemo in January 2017, they should have known about the claim against Dr. Adeyemo by April 2019, when Dr. Corman expressed his concerns about Dr. Adeyemo in a deposition. Plaintiffs argue that they could not have known about Dr. Corman's deposition testimony—and therefore, about the claim against Dr. Adeyemo—because Dr. Corman only discussed that information with plaintiffs' counsel, not plaintiffs themselves. In response, defendants argue that plaintiffs are viewed as having known of the potential claim against Dr. Adeyemo because plaintiffs' counsel was acting as plaintiffs' agent when the deposition took place. We agree with defendants. Although the language of MCL 600.5838(a)(3) does not discuss this particular situation, under the rules of agency, an attorney's knowledge is generally imputed to his or her client. See *Katz v Kowalsky*, 296 Mich 164, 174; 295 NW 600 (1941). Thus, plaintiffs' argument lacks merit.

Plaintiffs' final argument relates to whether the statute of limitations has also expired with regard to plaintiffs' claim against Oakwood. We find that it has. In medical malpractice cases, "[a] hospital may be 1) directly liable for malpractice, through claims of negligence in supervision of staff physicians as well as selection and retention of medical staff, or 2) vicariously liable for the negligence of its agents." *Cox v Flint Bd of Hosp Managers*, 467 Mich 1, 11, 651 NW2d 356 (2002). "[T]he law creates a practical identity between a principal and an agent, and, by a legal fiction, the hospital is held to have done what its agents have done." *Nippa v Botsford Gen Hosp (On Remand)*, 257 Mich App 387, 392, 668 NW2d 628 (2003). As a result, "[w]hen a litigant chooses to proceed against an agent and has been defeated, he is thereby barred from litigating the same cause of action against the principal. It follows that a determination of the issue in a suit brought against the principal bars an action against the agents." *Grimmer*, 310 Mich App at 102 (quotation marks and citation omitted). Plaintiffs' claim against Oakwood is predicated on the argument that Oakwood failed to properly select and train its agents, including Dr. Adeyemo.

Since plaintiffs' claims against Dr. Adeyemo are barred by the two-year statute of limitations, agency principles dictate that plaintiffs' claims against Oakwood are also barred.

On appeal, defendants raise an argument that the doctrine of res judicata bars plaintiffs' claims. An appeal is generally limited to the issues raised by the appellant—which in this case are focused solely on the statute of limitations—unless the appellee files a cross-appeal. MCR 7.207; *Kosmyna v Botsford Community Hosp*, 238 Mich App 694, 696, 607 NW2d 134 (1999). However, this Court has stated that "an appellee need not file a cross[-]appeal in order to argue an alternative basis for affirming the trial court's decision . . . ." *Id.* Thus, we will briefly address the argument.

For res judicata to apply to bar a subsequent action, "(1) the prior action must have been decided on its merits; (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involved the same parties or their privies." *JAM Corp v AARO Disposal, Inc*, 461 Mich 161, 166-167; 600 NW2d 617 (1999) (quotation marks omitted). Here, the record indicates that in the action arising out of the 2019 complaint, the trial court granted summary disposition to Oakwood on June 23, 2021. Thus, plaintiffs' claim against Oakwood was decided on the merits and disposed of before plaintiffs filed their second complaint on August 6, 2021. Further, as has been explained herein, plaintiffs knew or should have known they had a claim against Dr. Adeyemo. Accordingly, plaintiffs could have brought the instant claim against Oakwood, which relates to their responsibility for Dr. Adeyemo's actions, in the 2019 complaint. Finally, there is no dispute that both actions involved the same parties. For the foregoing reasons, the doctrine of res judicata would also bar plaintiffs' claim of medical negligence against Oakwood.

Affirmed.

/s/ Anica Letica
/s/ Stephen L. Borrello
/s/ Michelle M. Rick